IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| MEHERRIN AGRICULTURAL AND CHEMICAL COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action File No. 6:15-cv-00135 |
| AGDEPOT, LLC; RONNIE LOUIE OLIVER; and BURLEY E. PAGE, JR., | * * * | |
| Defendants. | * | |

## **CONSENT ORDER**

THIS CAUSE came before the undersigned District Court Judge by consent of all of the parties to this action and upon the Joint Motion for Approval of Consent Order filed by all of the parties to this action, wherein the parties requested that this Court enter this Consent Order in order to resolve the pending claims and counterclaims filed in this action and so that this Court may retain jurisdiction over, and the authority to enforce the terms of, this Consent Order. Upon review of the pleadings filed in this action, the Joint Motion for Approval of Consent Order, and the terms of this Consent Order, this undersigned District Court Judge finds that the Consent Order should be entered as an Order of this Court.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Defendant Burley E. Page, Jr. ("Page") shall pay the amount of $151,962.35 to Meherrin Agricultural & Chemical Company ("Meherrin") in strict accordance with the following terms. $35,000.00 of such amount shall be delivered by Page to Meherrin by May 4, 2016. $6,962.35 of such amount shall be delivered by Page to Meherrin by June 3, 2016.

The amount of $6,962.35 represents the obligation of Page on his personal account with Meherrin, with such account being satisfied in full upon the receipt of $6,962.35 by Meherrin under the terms of this Consent Order. The remaining $110,000.00 of such amount shall be delivered by Page to Meherrin by July 5, 2016.

2. Defendant Ronnie Louie Oliver ("Oliver") shall pay the amount of $10,000.00 to Meherrin by May 4, 2016.

3. The above-referenced payments from Page and Oliver to Meherrin shall be deemed to be delivered to Meherrin upon the placing of a certified check payable to Meherrin in the required amount with United Parcel Service or Federal Express to counsel for Meherrin, Michael J. Parrish, Ward and Smith, P.A., 1001 College Court, New Bern, NC 28563-0867, and by providing a copy of the certified check and the delivery receipt by email to counsel for Meherrin at mjp@wardandsmith.com.

4. The failure of Page or Oliver to make in full or deliver by the applicable date any of the above-referenced payments required of him shall result in the entry of a Judgment by this Court in favor of Meherrin against Page or Oliver, as the case may be, in the total amount of all outstanding payments to be made by him to Meherrin under this Consent Order, less the amount of any such payments actually received by Meherrin from him.

5. For purposes of this Consent Order, the term "Accounts" shall mean the obligations of third parties which are outstanding as of the date of this Settlement Agreement for the purchase or removal of Products from AgDepot, LLC's business location, not including any payments to be made by Page or Oliver under this Consent Order.

6. By May 4, 2016, Page and Oliver are jointly obligated to (i) obtain fully executed "Acknowledgment" forms, in the form attached to this Order as "Exhibit A" and which

is incorporated herein by reference as if fully set forth, from third parties who owe money on Accounts sufficient for such forms to cumulatively total at least $450,000.00 in amounts acknowledged by third parties to be owed to Meherrin, and (ii) to hand-deliver the originals of those "Acknowledgment" forms to Al Shanklin, Meherrin's authorized representative.

7. The timely completion of Page and Oliver's joint obligations set forth in Paragraph 6 above is a condition precedent to the dismissal of Meherrin's claims against Page and Oliver in this action and the effectiveness of any release by Meherrin of Page, Oliver, and AgDepot, LLC. If Page and Oliver fail to timely complete their joint obligations in Paragraph 6 above, Meherrin shall notify this Court by May 16, 2016 and, upon such notice by Meherrin, any release by Meherrin of Page, Oliver, and AgDepot, LLC shall be null and void, and Meherrin shall proceed with its claims against Page, Oliver, and AgDepot, LLC in this action.

8. Until April 4, 2019, each of Oliver and Page jointly has the affirmative duty and obligation to cooperate with Meherrin relating to all Accounts. That joint affirmative duty and obligation to cooperate with Meherrin specifically includes, but is not limited to the following: (i) one of Oliver and Page shall accompany a Meherrin representative on a physical visit to each debtor with an outstanding Account at least once during any 14 day period upon Meherrin's request; (ii) each of Oliver and Page shall provide to Meherrin all information known to him relating to the sale or removal of Meherrin's products from AgDepot, LLC's business location, to the Accounts, and to any third party who purchased or removed Meherrin's product from AgDepot, LLC's business location. Information provided by Oliver and Page to Meherrin pursuant to this paragraph may not be used by Meherrin against Oliver and Page other than to collect on the Accounts and to enforce their obligations under this Consent Order, but information obtained by Meherrin through other means and/or from other sources may be used

by Meherrin in connection with its claims against Page, Oliver, and AgDepot in the event that Page and Oliver fail to timely comply with their obligations under Paragraph 6 of this Consent Order.

9. The joint obligations of Oliver and Page as set forth in the Paragraph 8 above may be enforced by civil contempt or any other remedy available at law or in equity upon application by Meherrin to this Court in this case.

10. The Counterclaim filed by AgDepot, LLC and Oliver against Meherrin is hereby dismissed with prejudice. Unless Meherrin notifies this Court by May 16, 2016 of the failure of Page and Oliver to timely complete their obligations set forth in Paragraph 6 of this Consent Order, Meherrin's Complaint against AgDepot, LLC, Oliver, and Page is dismissed with prejudice.

SO ORDERED this 5th day of April, 2016.

Honorable J. Randal Hall
United States District Judge
Southern District of Georgia



## ACKNOWLEDGMENT

STATE OF GEORGIA

COUNTY OF _____

      The undersigned ("Customer," whether one or more) hereby acknowledges that Customer owes to Meherrin Agricultural & Chemical Company the sum of $_____ as of _____, 2016 for goods and/or services actually received by Customer on credit from Meherrin Agricultural & Chemical Company, which goods and/or services were satisfactory to Customer. Customer acknowledges that Customer does not have any claims against Meherrin Agricultural & Chemical Company relating to the above-referenced obligation or the goods and/or services received. If Customer uses a trade name for farming operations, it is listed below, and Customer acknowledges that Customer is obligated (jointly and severally, if more than one) for the above-referenced sum.

Customer's Legal Name(s)       _____

Customer's Trade Name (if applicable)       _____

Customer's Signature:       _____

Customer's Signature:       _____

Customer's Signature:       _____

Customer's Signature:       _____